UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

NATHAN ERIC CUTCHENS, )
)
    Movant, )
)
v. )   Case No. CV615-138
)           CR609-044
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Nathan Cutchens moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 50.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.[2]

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] The first time the Court reviewed Cutchens' motion, it surmised that his claim likely failed. Nevertheless, because of some uncertainty in this area of law, the Court called for a response from the Government, which it recently filed. Doc. 50. That response confirms the Court's initial view: Cutchens' *Johnson* claim fails.

## I. BACKGROUND

On October 8, 2009, Cutchens pled guilty to one count of possession of a firearm by a convicted felon. *See* docs. 35 (change of plea); 39 (judgment). His Presentence Investigation Report ("PSI") deemed him an "armed career criminal" under the Armed Career Criminal Act ("ACCA") based on prior convictions for escape (three convictions), robbery, terroristic threats, and felony obstruction. *See* PSI ¶¶ 27, 30, & 31 (escape convictions, all of which were separate occurrences); 28 (robbery); 42 (terroristic threats); 43 (felony obstruction). After adopting the PSI, the Court sentenced him to 192 months' imprisonment, within the applicable, 180-210 month Sentencing Guidelines range. Doc. 39 (entered January 10, 2015); PSI ¶ 73. Because he never appealed, Cutchens' conviction became final on February 9, 2010. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Cutchens filed the present § 2255 motion more than five years later. Doc. 47 (filed December 7, 2015). He argues that under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal and thus is serving a sentence

2

beyond the applicable statutory maximum. Doc. 50 at 7. He apparently premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc 47 at 12.

## II. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under

ACCA provisions other than the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSI makes clear, Cutchens' enhancement came because of escape, robbery, terroristic threats, and felony obstruction convictions. *See* PSI ¶ 23. The latter three qualify as violent felonies under the ACCA's "elements" clause.[3] *See* O.C.G.A. §§ 16-10-24(b) ("Whoever . . . obstructs . . . any law enforcement officer . . . *by offering or doing violence to the person of such officer* . . . is guilty of a felony. . . .") (emphasis

---

[3] "A person commits the offense of escape when he or she . . . having been convicted of a felony or misdemeanor . . . intentionally escapes from lawful custody. . . .") O.C.G.A. § 16-10-52. That does not contain "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and thus cannot qualify as a violent felony under any ACCA provision other than the now-defunct residual clause. If *Johnson* applies retroactively to first § 2255 motions (some courts say it does not, *United States v. Giles*, 2015 WL 5821106 at * 2 (N.D. Fla. Aug. 31, 2015) (applying *In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015)), Cutchens' escape convictions cannot be used as ACCA predicates. Regardless, he has at least three other convictions that do, so his enhancement remains valid.

4

added); 16-8-40 ("A person commits . . . robbery when . . . he takes property of another . . . [b]y use of force . . . [or] by the use of threat . . . or by placing such person in fear of immediate serious bodily injury. . . ."); 16-11-37(a) ("A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence. . . ."). Hence, even if *Johnson* was retroactively applicable on collateral review, and even if his escape convictions no longer qualify as violent felonies, Cutchens still has at least three ACCA predicate offenses and thus a valid armed career criminal enhancement.

It follows that Cutchens cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (February 9, 2010). It ran out on February 9, 2011 (he never appealed or sought post-conviction relief before now), so his motion is untimely. Regardless, with *Johnson* unavailable, his sentence remains valid (no due process violation), so no grounds exist on which to rest the resentencing he seeks. *See* 28 U.S.C. § 2255(a) (those in prison on federal sentences may only move to correct their sentence if

it was "imposed in violation of the Constitution or laws of the United States").

Accordingly, Cutchens' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 11th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA